THE STATE *ex rel.* PRITCHETT SCHOOL INSTITUTE *et al.*
v. LESUEUR.

### Division One, July 6, 1897.

1. **Practice**: CHANGING NAME IN CORPORATION. *Mandamus* is available to require the Secretary of State to file in his office a document necessary to a change of name of an incorporated institution of learning, in the circumstances stated in the opinion.

2. **Corporation**: DURATION OF CHARTER. A corporation formed in 1868 may endure for a longer period than twenty years; that term is only fixed "when no period is limited" by the charter.

3. ———: PRITCHETT SCHOOL INSTITUTE'S CHARTER. The articles of association of the "Pritchett School Institute" of Glasgow, Missouri, are reviewed, and held to provide for a "perpetual" incorporation of that institution; but the mere use of the term "perpetual succession" (in a grant of charter power) does not imply corporate perpetuity.

4. ———: CHARTER: CONSTRUCTION: INTENT. The intent expressed by the articles of association of a corporation (touching its duration) govern in the construction of said articles, when that intent is not repugnant to the law.

5. ———: ———: EDUCATIONAL CORPORATIONS. Whether or not the limitation in section 2508, Revised Statutes 1889, of twenty years to corporate existence applies to educational corporations, the court finds it unnecessary to pass upon.

### *Mandamus.*

PEREMPTORY WRIT GRANTED (*with directions*).

*T. Shackelford* for relators.

(1) The Secretary of State bases his refusal to file papers and issue his certificate on the provisions of section 1, Revised Statutes 1866, wherein it is provided that if no period is limited in a charter it expires in twenty years. *First.* The contention of relators is that this section does not apply to charitable and edu-

cational corporations. *Second.* Even if this law was in force these educational institutions are expressly exempted from the operation of said section by section 34, General Statutes, 331. *Third.* Even if the law was in force, so far as Pritchett School Institute is concerned, the articles of association, by the seventh article expressly provides for a perpetual trusteeship, requiring each trustee to appoint his successor. To sustain the first contention, the relators rely on *State ex rel. Clover v. The Ladies of the Sacred Heart,* 99 Mo. 533; while the case of *State ex rel. Walker v. Payne,* 129 Mo. 468, overrules *Fairchild v. Masonic Hall Ass'n,* 71 Mo. 527, as to the proper interpretation of the words "perpetual successor." Yet the learned judge who delivered that opinion expressly stated "that the policy of the State, as appears from its general legislation, is unfavorable to unlimited duration of purely business corporations." On the contrary, the inference is clear that his honor concurred in the rulings of the court in 99 Mo. 533, *supra,* hence this case is conclusive as to the position assumed by relators that the charter of Pritchett School Institute exists in legal contemplation until it has been dissolved by some prescribed method. 1 Morawetz on Private Corporations [2 Ed.], secs. 316, 323, 411; Laws of 1825, p. 223; *Dartmouth College v. Underwood,* 4 Wheat. U. S. 518, 634; *Bradley v. Reppell,* 133 Mo. 545; Laws 1889, secs. 2513, 2538b, pp. 632, 637; Laws 1889, sec. 2832, p. 721.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for respondent.

(1). Relator contends that the statute limiting the period of corporate existence to twenty years when nothing is stated in the articles of association as to length of time thereof does not control as to educa-

tional corporations. R. S. 1889, sec. 2508. This section is a part of article 1, chapter 42, concerning the "organization, general powers, duties and liabilities" of corporations "with incidental matters of practice" and occupied a like position in all previous revisions. It provides in part every corporation as such has power—*first*, to have succession by its corporate name for the period limited in its charter, and when no period is limited, for twenty years. Kent's Com., secs. 302, 303, and 276; Angell & Ames on Corp. [11 Ed.], sec. 687; *Att'y-Gen'l v. Clarrendon*, 17 Ves. 501; *State ex rel. v. Adams*, 44 Mo. 579. (2) The statute of 1845 which contains the twenty-year limitation clause and which has continued in force ever since was in existence at the time Pritchett School Institute was incorporated and applies to "every corporation" of whatsoever kind, nature or description, and it matters not how meritorious plaintiff's demand may be in the way of a continuation of its corporate existence, the rules of statutory construction can not be tortured in any way known to the law so as to exempt it from the provisions thereof as an exception thereto.

BARCLAY, P. J.—The Pritchett School Institute of Glasgow, Missouri, and its trustees applied as relators to the first division of the court for a *mandamus* against the defendant, as Secretary of State, to require him to file in his office a document necessary to a formal change of the name of that institution. He had declined to file it on the ground that the charter privileges of the corporation had terminated by lapse of time. On the filing of the petition for *mandamus*, the defendant at once appeared and waived all formalities of procedure. The cause was therefore promptly submitted, all the facts being admitted.

It appears that recently the institute has taken the

steps pointed out by law (R. S. 1889, sec. 2826) to effect a change of its corporate name to "Pritchett College." It desires to file the evidence thereof with the defendant, as Secretary of State, in obedience to the statute on that point. The only objection thereto is that the corporate powers of the institute are supposed to have expired.

The institute was incorporated in 1868, by articles of association under the General Statutes of 1866, as amended in 1868 (Laws 1868, p. 28; Act of March 5, 1868). At that time a part of the general statutory provisions in regard to private corporations was as follows: "Every corporation as such has power: *First*, to have succession by its corporate name for the period limited in its charter, and when no period is limited, for twenty years." G. S. 1865, ch. 62, sec. 1. The same language yet remains in the present corporation act. (R. S. 1889, sec. 2508.)

The defendant's counsel insist that the corporate existence of the institute terminated in 1888, at the end of twenty years from its beginning. But counsel for relators contend that the provision of law above quoted does not apply to corporations of the kind now in view; and that, even if it does, the articles of association of the institute provide for a longer period of corporate life and power than twenty years. The first of these contentions we need not discuss, since we find the second well founded and on that ground have concluded to award a peremptory writ.

The law in force in 1868, when the institute was incorporated, intended, neither in letter nor spirit, to forbid the extension of corporate organizations beyond twenty years. That term was named as a limit only in event the fundamental articles of any particular corporation did not otherwise provide. Whether the articles do otherwise provide in a given case, is a ques-

tion of law to be determined in each instance by a due consideration of the language used in the act of incorporation. That rule has been declared in construing the effect of a special charter granted by a statute which was subject to a somewhat similar condition as to the duration of corporate existence. *State ex rel. Clover v. Ladies of the Sacred Heart* (1889) 99 Mo. 533 (12 S. W. Rep. 293).

The true intent of the act (or agreement) of incorporation, as expressed by its terms, should receive full effect at the hands of any court called upon to construe it.

In the case at bar the articles of association of the institute open as follows:

"Art. 1. This corporation shall be known by the style and title of 'Pritchett School Institute.' Its corporate powers shall be vested in not less than three Trustees and the President of the Institute."

The second, third, fourth and fifth articles provide for the establishment of an institution of learning at (or within five miles of) Glasgow, Missouri, and that it shall be placed on a permanent footing, and prescribe many details of organization.

The sixth article declares that the president shall be selected and appointed by the trustees, and it places the actual management of the educational interests of the institute in his hands, and provides certain rules for the conduct of its affairs.

The third article outlines the general design of the project thus:

"It shall be the duty of the president and trustees to develop the institution in accordance with the best models of instruction, both as to matter and manner of teaching, having constant regard to the demand of science, art and human progress. As soon as the

VOL. 141 mo—3

income arising from tuition and endowment shall justify, it shall provide not only for a primary and intermediate course of instruction, but for the highest collegiate and scientific training. Students of both sexes shall be entitled to receive instruction and its honors as provided in the directory of study.''

And the seventh article is in part as follows:

''The board of trustees shall consist of not less than three persons, each of whom shall be a man of family and residing in Glasgow or within five (5) miles thereof. The trusteeship shall be perpetual, each trustee making provision for his own successor, either by resignation and appointment, or by last will and testament; and should any trustee fail to make such an appointment of his successor, the city of Glasgow, in her corporate capacity, is hereby empowered to fill such vacancy in the board of trustees. It shall be the duties of trustees, and they are empowered to hold, convey, buy, sell or improve all real estate vested in or acquired by said institute, to pay taxes on the same, and make such repairs and improvements as from time to time may be needful; but they shall never remove the site of the institute more than five (5) miles from the city of Glasgow.

''They shall receive all endowments in money or realty, or in personal property made to the institute, and so invest the same as to receive the largest annual income therefrom consistent with the entire safety of the principal. They shall never allow the endowment to be hazarded in any speculation,'' etc.

The remaining articles name the trustees, assert a power to make by-laws, and prescribe other rules for corporate action, but they have no relevancy to the issue before the court.

It was held in *State ex rel. Walker v. Payne* (1895) 129 Mo. 468 (31 S. W. Rep. 797) that a grant of ''per-

petual succession'' to a corporation did not imply a grant of corporate perpetuity, because the words ''perpetual succession'' have a technical meaning in the law of corporations entirely consistent with a limited term of corporate existence. In the case in hand we see that the governing powers of the corporation are chiefly vested in a board of trustees, and it is expressly stated that ''the trusteeship shall be perpetual.'' Each trustee is to make provision for his own successor, by appointment or by will. These provisions, together with others of minor force, clearly imply a continuous or perpetual term to the exercise of the corporate powers. And the provisions of other articles, touching the use and investment of large expected endowments, further strengthen the inference of a general purpose to found an institution of learning that should be ''perpetual.'' The expectations of endowment were realized. The institute has taken, and has maintained, a useful place in educational work in Missouri. A careful reading of the articles has satisfied us that they intend to establish a perpetual institution of learning of the sort they describe, and that it is the duty of the court to effectuate that intent.

We have treated the case on the assumption that the section of the corporation law providing a limitation of twenty years to a corporation, when not otherwise provided by the articles of association, is applicable to educational corporations such as this institute. Whether that law is really so applicable, is disputed by the relators. We do not find it needful to pass upon that issue of law, in view of the conclusion we have reached as to the meaning of the articles of association before us.

A peremptory *mandamus* may be sued out, after ten days from this date, should relators then request it of the clerk of the court. MACFARLANE, ROBINSON and BRACE, JJ., concur.