No. 23,553.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, *Plaintiff*, v. REV. WILLIAM E. COGLEY et al., *Defendants*.

SYLLABUS BY THE COURT.

EDUCATIONAL CORPORATION—*Duration of Charter.* The life of an educational corporation organized under a general statute providing that every corporation shall have succession "for the period limited in its charter, and when no period is limited, for twenty years," where its articles of association provide that it shall exist forever, is not limited to the period mentioned; and without extension or renewal its corporate capacity continues until a limit is placed upon it by subsequent legislation. A later enactment changing the word "twenty" to "fifty" in the clause quoted, and providing that the existence of a private corporation shall begin on the day the charter is filed and continue for fifty years is prospective in its operation and is not intended to diminish a grant already made.

Original proceeding in quo warranto. Opinion filed June 11, 1921. Judgment for defendant.

*Richard J. Hopkins*, attorney-general, for the plaintiff.

*Richard J. Higgins*, of Kansas City, for the defendant.

The opinion of the court was delivered by

MASON, J.: In December, 1869, The St. Mary's College, in Pottawatomie county, Kansas, was organized as an educational corporation under the general statute then in force. Its charter has never been extended or renewed, and a question has arisen as to its continued corporate existence. This action in quo warranto is brought against the persons now acting as members of its board of trustees to determine whether without a further grant they can lawfully exercise the functions of such office. The facts are agreed to and the case is submitted for final determination as to the effect of the statutes upon the existence of the corporation.

The corporation was organized under the general statute containing this provision: "Every corporation, as such, has power: *First*, To have succession by its corporate name, for the period limited in its charter, and when no period is limited, for twenty years." (Gen. Stat. 1868, ch. 23, § 11.) This language was included in the articles of association, or charter: "The St. Mary's College hereby incorporated shall exist and have succession forever."

Clearly the purpose of the statutory provision quoted was not to restrict to twenty years the period of existence of all corporations created under it. In the absence of any express limitation or statutory regulation the life of a corporation is indefinite—it continues until legally dissolved. (14 C. J. 178.) The statute quoted may be regarded as dealing with the duration of a corporation only where the charter is silent on the subject. It does not prevent a corporation being chartered for fifty years, a hundred years or a thousand years. But if there is nothing in the articles of incorporation to indicate the period for which a corporation is to exist the statute supplies the omission and fixes it at twenty years. The word "limited" may fairly be interpreted as though it read "defined," and a corporation whose charter declares that it shall last forever is not silent or indefinite on the subject of the period of its continuance. No prejudice to the rights of the public can result from such an interpretation of a law of this state, for a corporation created thereunder cannot in any event exist longer than the people through their representatives in the legislature may

determine, inasmuch as the constitution expressly reserves the right to amend or repeal all laws conferring corporate powers. (Const. art. 12, § 1.) The construction indicated has been placed upon the language of the statute by the court of last resort of the state from which it was borrowed, by a decision, however, which has no controlling force because rendered after its adoption here. (*State, ex rel., v. Lesueur*, 141 Mo. 29.) In the case just cited the court declined to pass upon the question whether corporations organized for educational purposes under the general act containing the language above quoted would in any circumstances be subject to the twenty-year limit there imposed; but it has since held that educational corporations chartered under special statutes were not to be regarded as within the scope of such limitation because of their character, saying:

"Educational institutions of this kind are not established with a view of being continued for a brief period only or indeed for any limited time; in their very nature they are designed to be perpetual. It would be preposterous to assume that men would enter into the work of founding a college, erecting buildings and gathering the necessary appliances for the conduct of such an institution to be dissolved at the end of twenty years." (*State ex rel. v. Board of Trustees*, 175 Mo. 52, 59.)

The same court has also held that the limitation referred to is not to be construed as applying even to life insurance companies chartered under special acts because the legislature cannot be thought to have intended that the duration of corporations whose contracts would necessarily extend over much longer periods should be limited to twenty years. (*State ex rel. v. Insurance Co.*, 224 Mo. 84.)

In 1886 it was provided in an amendment to the law referred to that the duration of a corporation might be extended for successive periods of twenty years, "or for such length of time as may be stated in its certificate therefor." (Laws 1886, ch. 62, § 2.) This seems to contemplate an extension without any limitation as to time and that effect has been attributed to it. (*The State, ex rel., v. Lawrence Bridge Co.*, 22 Kan. 438.) Under this construction the new provision may be regarded as a legislative interpretation of the original act as authorizing the organization of corporations without a limit as to their duration, inasmuch as the legislature would hardly intend to

allow an extension for an unlimited time while putting a limit on the original period for which a corporation could be organized.

It remains to consider the effect of subsequent enactments. In 1907 the corporation statute was revised. The provision already quoted was reënacted with the substitution of "fifty years" for "twenty years." (Gen. Stat. 1915, § 2144.) A new section was at the same time added containing this provision: "The existence of a private corporation shall begin on the day the charter is filed in the office of the secretary of state, and shall continue for a period of fifty years." (Gen. Stat. 1915, § 2110.) We need not determine the construction of these provisions further than to decide that both of them are prospective. There is no doubt, of course, of the authority of the legislature, under its reserved power already referred to, to shorten the period of existence of a corporation already created. But it is obvious that the mere change from twenty years to fifty years in the statute fixing the duration in the absence of any other designation would not affect corporations already created. And the mere declaration that a corporation shall exist for fifty years from the filing of its charter cannot be regarded as intended to diminish the effect of a grant already made—to shorten the life of a corporation in existence when the act was passed.

We are concerned now only with a corporation of the character here involved—one for the maintenance of an educational institution. Without determining what might be the interpretation of the statute as applied to a corporation for financial profit, we hold that the corporate existence of the college of which the defendants are acting as the trustees continues without extension or renewal until such time as the legislature by future action shall place a limit upon it.

Judgment is therefore rendered for the defendants.